UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIEL J. RIVERA,<br><br>       Plaintiff,<br><br>  -against-<br><br>LOUIS MOLINA; CITY OF NEW YORK,<br><br>       Defendants. | 23-CV-4128 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at West Facility on Rikers Island, brings this *pro se* action, for which the fees have been paid, alleging that Defendants violated his federal constitutional rights and his rights under state law.[1] He sues New York City Department of Correction ("DOC") Commissioner Louis Molina and the City of New York. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Under this Act, the Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

---

[1] Plaintiff did not submit an application to proceed *in forma pauperis* ("IFP") and prisoner authorization along with the complaint. By order dated May 22, 2023, the Court directed Plaintiff to either pay the $402.00 in fees required to file a civil action or submit an IFP application and prisoner authorization. Plaintiff paid the fees on June 22, 2023.

2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff alleges that the events giving rise to his claims occurred in West Facility on Rikers Island, but he does not provide the dates on which the events occurred. The following allegations are taken from the complaint. DOC Commissioner Molina "has been lying to the N.Y.C. council members" by "[c]laiming that no detainee[s] on Rikers Island are being subject to

solitary confinement." (ECF 1, at 4.) Plaintiff has been "subjected to being locked in a cell or cage 24/7 with little to no human contact." (ECF 1, at 4.) Each time Plaintiff is brought to "the yard," the correction officers place him "in a solitary confinement cage" even though Plaintiff tells them that he "do[es] not consent to such cruel and unusual punishment without proper due process of the law." (*Id.*) Plaintiff asserts that there is "no disciplinary reason" for him to be placed "in such a cage," and maintains that such confinement "has been deemed inhuman by state and local law." (*Id.*)

Plaintiff alleges that being placed in solitary confinement has caused his "mental health to deteriorate." (*Id.*) He also alleges that he has experienced mental anguish, pain and suffering, and "lack of medical care." (*Id.* at 5.)

Plaintiff seeks money damages.

## DISCUSSION

Plaintiff's claims that Defendants violated his federal constitutional rights arise under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

## A.     Claims Against Commissioner Molina

The complaint does not suggest that Plaintiff is suing Commissioner Molina in his personal capacity because he does not allege facts showing Molina's direct and personal involvement in violating his constitutional rights. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). Moreover, Molina may not be held liable

under Section 1983 solely because he employs or supervises a person who violated Plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020). The Court therefore only construes the complaint as asserting official capacity claims against Molina.

Plaintiff's claims against Molina in his official capacity can be construed as claims against the City of New York because the claims concern DOC's segregated housing policy and practice. *See, e.g.*, *Nassau County Emp. "L" v. Cnty. of Nassau*, 345 F. Supp .2d 293, 298 (E.D.N.Y. 2004) (noting that "[a] claim against a municipal employee in his or her official capacity may be treated as an action against the municipality itself") (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a Section 1983 claim against a municipality the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the

policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). Thus, to be viable under Section 1983, the claims brought against Commissioner Molina must suggest that a DOC policy, custom, or practice caused the violation of his constitutional right.

**B.**     **Fourteenth Amendment**

The Court construes Plaintiff's claims regarding his placement in solitary confinement, as asserting a conditions of confinement claim under the Fourteenth Amendment to the United States Constitution. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (noting that the Fourteenth Amendment applies to individuals who are in pretrial detention and the Eighth Amendment applies to individuals who are incarcerated pursuant to a judgment of conviction).

To state a conditions of confinement claim under the Fourteenth Amendment, a plaintiff must allege facts suggesting that a condition is objectively serious and that a defendant "should have known that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35. For the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citations omitted). "Thus, prison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013) (internal quotation marks omitted).

Moreover, "if the particular conditions of segregation being challenged are such that they inflict a serious mental illness, greatly exacerbate mental illness, or deprive inmates of their sanity, then defendants have deprived inmates of a basic necessity of human existence." *Suarez v.*

*Annucci*, No. 20-CV-7133 (VB), 2021 WL 6065765, at *8 (S.D.N.Y. Dec. 21, 2021) (quoting

*Madrid v. Gomez*, 889 F. Supp. 1146, 1264 (N.D. Cal. 1995) (internal citation marks omitted)).

For the subjective element, a plaintiff must allege "that the defendant-official acted

intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to

mitigate the risk that the condition posed to the pretrial detainee even though the defendant-

official knew, or should have known, that the condition posed an excessive risk to health or

safety." *Darnell*, 849 F.3d at 35. The mere negligence of a correction official is not a basis for a

claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S.

327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff alleges that correction officials placed him in solitary confinement by

locking him in a cell "24/7 with little to no human contact" and by placing him in a "solitary

confinement cage" when he was in the yard. Plaintiff does not, however, name the individual

correction officials who placed him in solitary confinement. Plaintiff also does not allege when

or for how long he was placed in solitary confinement. Nor does he allege facts detailing the

nature of the solitary confinement or what led to him being placed in solitary confinement. The

Court therefore grants Plaintiff leave to amend his complaint to detail this confinement and add

as defendants those correction officials he claims were responsible for his being placed in

solitary confinement.

## C.     Commissioner Molina's Testimony Before the New York City Council

Plaintiff brings a claim against Commissioner Molina, regarding his testimony before the

City Council. As explained below, Plaintiff does not have standing to bring this claim.

The jurisdiction of the federal courts is limited to resolving "cases and controversies."

*Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012). Standing to bring a lawsuit is a

threshold requirement that prevents a plaintiff from bringing claims before a court unless there is

a case or controversy. *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("[W]hether the plaintiff has

made a 'case or controversy' . . . within the meaning of Article III . . . is the threshold question in

every federal case, determining the power of the court to entertain the suit."); *see also Arizonans*

*for Official English v. Arizona*, 520 U.S. 43, 64 (1997).

Standing requires a plaintiff to show "(1) an injury in fact, (2) that is fairly traceable to

the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable

judicial decision." *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (internal quotation marks

omitted); *accord Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The burden of

establishing standing to sue rests with the party bringing the action, *Lujan v. Defs. of Wildlife*,

504 U.S. 555, 561 (1992), and "[a] plaintiff must demonstrate standing for each claim he seeks to

press," *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

Plaintiff asserts that Commissioner Molina testified falsely, before the New York City

Council, that the DOC did not unlawfully segregate individuals in solitary confinement. This

claim does not show that the allegedly false testimony caused Plaintiff to suffer any injury.

Rather, the injury he complains of in this action was caused by DOC officials placing him in

solitary confinement, which he asserts violated the United States Constitution and the HALT Act.

The Court therefore dismisses, for lack of subject matter jurisdiction, Plaintiff's claim against

Commissioner Molina regarding the Commissioner's testimony before the New York City

Council.

D.     **The HALT Act**

Plaintiff's reference to his solitary confinement violating state law may be an attempt to

assert claims under the HALT Act, a New York State law, which took effect on March 31, 2022,

and amends the standards in N.Y. Corr. Law § 137 governing treatment, control, and discipline at

correction facilities, including the jails on Rikers Island.[2]

> The HALT Act limits segregated confinement [footnote omitted] to fifteen
> consecutive days and twenty days within any sixty-day period. N.Y. Correct. Law
> § 137(6)(i). It also bans segregated confinement for individuals who are twenty-
> one years or younger or fifty-five years or older; with a physical, mental, or
> medical disability; or who are pregnant, in the first eight weeks of post-partum
> recovery period, or caring for a child while in a correctional institution. *Id.* at
> §§ 2(33), (6)(h). For individuals who cannot enter segregated confinement, the
> HALT Act creates Residential Rehabilitation Units ("RRUs"), which are
> "therapeutic and trauma-informed, and aim to address individual treatment and
> rehabilitation needs and underlying causes of problematic behaviors." *Id.* at
> § 2(34). Pursuant to the HALT Act, individuals in segregated confinement receive
> four hours of out of cell programming, including one hour for recreation, and
> individuals in RRUs receive at least six hours of out of cell programming with an
> additional hour for recreation. *Id.* at § 137(6)(j)(ii).

*New York State Corr. Officers & Police Benevolent Ass'n, Inc. v. Hochul*, 607 F. Supp. 3d 231,

236 (N.D.N.Y. 2022).

Some district courts have held that a plaintiff has a private right of action under Section

137. *See, e.g.*, *Suarez v. Annucci*, No. 20-CV-7133 (VB), 2021 WL 6065765, at *13 (S.D.N.Y.

Dec. 21, 2021) (holding that, for claims involving a prisoner with serious mental illness who had

been confined in segregated housing, "Section 137(6) does include a private right of action

consistent with the legislative purposes and scheme"). *But see Correa v. Lynch*, No. 20-CV-2875

(PMH), 2021 WL 2036697, at *8 (S.D.N.Y. May 20, 2021) (holding that there is no private right

of action allowing a prisoner to sue for a violation of N.Y. Corr. Law § 137(5), which prohibits

"degrading treatment" or most corporal punishment).

---

[2] The Court has jurisdiction of this claim under the supplemental jurisdiction statute, 28
U.S.C. § 1367.

The Court expresses no opinion at this juncture as to whether Plaintiff has a private right of action under the HALT Act but grants Plaintiff leave to assert facts in support of his claim that Commissioner Molina violated Plaintiff's rights, as recognized under the HALT Act.

**E.     Denial of Medical Care**

The Court construes Plaintiff's allegation that he suffered from "lack of medical care" as attempting to assert a claim that he was denied constitutionally adequate medical care. Because Plaintiff is a pretrial detainee, his claims for inadequate medical care arise under the Due Process Clause of the Fourteenth Amendment. To state a claim for constitutionally inadequate medical care under the Due Process Clause, a plaintiff must satisfy two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell v. Pineiro*, 849 F.3d 17, 30 (2d Cir. 2017) (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). The deliberate indifference standard "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cnty.*, 925 F.3d 73, 86 (2d Cir. 2019); *see Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (holding that the medical need must be a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain") (internal quotation marks and citation omitted)).

To satisfy the second element – the "subjective" or "mental" element – a pretrial detainee must allege facts indicating "that the defendant-official acted intentionally to impose the alleged

condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Furthermore, a "mere disagreement over the proper treatment" does not give rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (holding that a "mere disagreement over the proper treatment" is not actionable under Section 1983).

Plaintiff's sole allegation that, while in DOC custody, he suffered from a "lack of medical care" is insufficient to state a Section 1983 claim for inadequate medical care because he does not allege any facts suggesting that he suffered from an objectively serious medical condition or that any defendant acted with deliberate indifference to that medical condition. The Court grants Plaintiff leave to amend his complaint to allege additional facts to state a claim for inadequate medical care.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims under Section 1983 and the HALT Act, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

---

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2022, at West Facility, during the 7-3 p.m. shift."

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-4128 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Copies of the NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 27, 2023
          New York, New York

              /s/ Laura Taylor Swain
              LAURA TAYLOR SWAIN
              Chief United States District Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

**-against-**

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No
(check one)

___ Civ. _____ (    )

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
               ID#_____
               Current Institution_____
               Address_____
               _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1    Name _____ Shield #_____
                   Where Currently Employed _____
                   Address _____
                   _____

Defendant No. 2    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><b>Who did what?</b></div>

Defendant No. 4    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5    Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.    Where in the institution did the events giving rise to your claim(s) occur?

_____

C.    What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.    Facts:_____

<div style="border:1px solid black; display:inline-block; padding:4px;"><b>What happened to you?</b></div>

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____

**Who else saw what happened?**

### III.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

### IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____    No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____
_____
_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?
        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?
        _____

        1.      Which claim(s) in this complaint did you grieve?
        _____

        2.      What was the result, if any?
        _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.
        _____
        _____
        _____
        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:
                _____
                _____
                _____

_____
_____
_____

    2.    If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:    You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*Rev. 01/2010*            5

_____
_____
_____
_____

**VI.**   **Previous lawsuits:**

<table>
<tr><td>On these claims</td></tr>
</table>

A.      Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.      If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff   _____
Defendants   _____

2. Court (if federal court, name the district; if state court, name the county)   _____
_____

_____   3.      Docket or Index number   _____

_____   4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit   _____

6.      Is the case still pending?  Yes _____   No _____

If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:   Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<table>
<tr><td>On other claims</td></tr>
</table>

C.      Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.      If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.      Parties to the previous lawsuit:

Plaintiff   _____
Defendants   _____

2.      Court (if federal court, name the district; if state court, name the county)   _____
_____

_____   3.      Docket or Index number   _____

_____   4.      Name of Judge assigned to your case_____

5.      Approximate date of filing lawsuit   _____

_Rev. 01/2010_                              6

6.      Is the case still pending?  Yes _____  No _____

         If NO, give the approximate date of disposition_____

7.      What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____

_____

_____

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _____ day of _____, 20___.

                        Signature of Plaintiff    _____

                        Inmate Number         _____

                        Institution Address      _____

                                             _____

                                           _____

                                           _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

                        Signature of Plaintiff:    _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG
## New York    Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
## SOUTHERN DISTRICT OF NEW YORK

### LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

## I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

## II.   FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____          _____
Signature                                          Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
New York Legal Assistance Group

**Name** _____     **Date of Birth** _____

**Facility** _____

**Identification #** _____     **Email (if available)** _____

---

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |

Other _____

---

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

---

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

---

**Gender:** _____

---

**SDNY Case Number:** _____

---

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**