UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL J. RIVERA,

                       Plaintiff,

-against-

THE DEPARTMENT OF CORRECTIONS,

                       Defendant.

23-CV-4128 (PAE)

ORDER OF SERVICE

PAUL A. ENGELMAYER, United States District Judge:

      Plaintiff, who currently is incarcerated at Elmira Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendant violated his rights when he was detained in West Facility on Rikers Island. Plaintiff paid the filing fees to bring this action.[1]

## DISCUSSION

### A.    Claims against the Department of Correction

      Plaintiff's claims against the New York City Department of Correction ("DOC") must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

---

[1] By order dated July 27, 2023, the Hon. Laura Taylor Swain, in her capacity as Chief Judge, directed Plaintiff to file an amended complaint within 60 days. (ECF 5.) Plaintiff did not file an amended complaint, and by order dated October 27, 2023, Chief Judge Swain dismissed the action. (ECF 6.) On December 8, 2023, the court received from Plaintiff an amended complaint and a letter stating that he had only recently learned that the order to amend had been issued. By order dated December 8, 2023, Chief Judge Swain directed the Clerk of Court to vacate her prior order of dismissal and judgment and to reopen the action. (ECF 9.)

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York and directs the Clerk of Court to amend the caption of this action to replace the DOC with the City of New York. *See* Fed. R. Civ. P. 21.  This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      Addition of Deputy Warden Miller as a Defendant**

In the amended complaint, Plaintiff alleges that his medical conditions require that he have regular access to a nurse, which he could only receive in the North Infirmary Command ("NIC") on Rikers Island, and that Deputy Warden Miller denied Plaintiff's request to be transferred to NIC where he could receive the required medical care.  In light of Plaintiff's *pro se* status and his apparent intent to assert claims against Deputy Warden Miller, the Court directs the Clerk of Court to amend the caption of this action to add Deputy Warden Miller as a defendant in this action. *See* Fed. R. Civ. P. 21.  This amended is without prejudice to any defenses that Deputy Warden Miller may wish to assert.

**C.      Waiver of Service**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order.  The Court requests that the City of New York and Deputy Warden Miller waive service of summons.

**D.      *Valentin* Order**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff supplies sufficient information to permit the DOC to identify the doctor and nurse whom Plaintiff alleges denied him medical care at West Facility on June 5, 2023.  It is therefore ordered that the New

York City Law Department, which is the attorney for and agent of the DOC, must ascertain the identity of each John or Jane Doe whom Plaintiff seeks to sue here and the address where each defendant may be served.[2] The Law Department must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file a second amended complaint naming the John and Jane Doe defendants. The second amended complaint will replace, not supplement, the original complaint. A second amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed a second amended complaint, the Court will screen the second amended complaint and, if necessary, issue an order asking the newly named defendants to waive service.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction. *See* N.Y. City Charter ch. 17, § 396. The Clerk of Court is directed to add the City of New York as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is further directed to add Deputy Warden Miller as a Defendant under Fed. R. Civ. P. 21.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants City of New York and Deputy Warden Miller waive service of summons.

---

[2] If the Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility. If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

The Clerk of Court is directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York NY 10007.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is also directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:   December 29, 2023
         New York, New York

*Paul A. Engelmayer*

PAUL A. ENGELMAYER
United States District Judge